■        In the Matter of ALFRED S. COOK, Respondent, v TOWN OF NEW SCOTLAND et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered May 3, 1979 in Albany County, which granted, in part, petitioner's application, in a proceeding pursuant to CPLR article 78, seeking review of an order to remedy violations of certain town zoning ordinances. At Special Term, the petitioner in this CPLR article 78 proceeding sought an order prohibiting any interference with his operation of a used car business, by the respondents, based on petitioner's failure to apply for a special use permit under the town's zoning ordinance. The petitioner contends that a special use permit is not a prerequisite for such a use on his property, located in a B-1 zone. In response to the petition, the respondents submitted two affidavits, neither of which addressed the merits

of the petition, but simply alleged the petitioner's failure (1) to exhaust his administrative remedies and (2) to apply for a permit of any kind. Contrary to the respondents' contentions, these affidavits did not constitute an objection in point of law, which must be raised by answer or by a motion to dismiss, made on proper notice. (CPLR 7804, subd [f].) Special Term considered the affidavits merely in opposition to the petition, and inasmuch as the affidavits did not controvert the merits of the proceeding, Special Term granted the petitioner the affirmative relief he requested, holding that the ordinance did not require a special use permit for the use of his property as a used car business. Insofar as that use "altered" the prior use of the land, however, Special Term decided that a building permit was required. The petitioner thereupon made an application for a building permit and that application is still pending. On this appeal, the respondents urge again the petitioner's failure to exhaust his administrative remedies and the impropriety of Special Term's reaching the merits of the proceeding without affording an opportunity to the respondents to submit an answer. The Respondents, therefore, conclude that the "judgment" of Special Term should have been "an order" only, and the matter should be remitted to afford them an opportunity to raise objections in point of law. The respondents' failure in the first instance to raise an objection in point of law appropriately, under CPLR 7804 (subd [f]), or even to mention such an objection in the affidavits that respondents did submit, resulted in a waiver on their part in regard to such issue and distinguishes this proceeding from *Matter of Kesterson v City of Buffalo* (40 AD2d 575). Such failure on the respondents' part permitted Special Term to reach the merits of the proceeding and to grant the affirmative relief to which the petitioner was found entitled. The petitioner's interpretation of the ordinance accorded with that of Special Term and was reasonable and rational. The fact that Special Term gratuitously decided that a building permit was required, and the petitioner's application therefor in reliance on such decision, is not a failure on the petitioner's part to exhaust his administrative remedies in this proceeding. The issue of a building permit is a separate and distinct one that may be judicially tested when that determination is made. Accordingly, the judgment of Special Term should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.